# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1404V
### Filed: December 2, 2025

| | |
|---|---|
| RONALD DAVISON, *Executor of the* ESTATE of GARY DAVISON,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*Edward Kraus, Kraus Law Group, LLC, Chicago, IL, for petitioner.*
*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On September 12, 2019, petitioner, Ronald Davison, filed a petition on behalf of his deceased brother, Gary Davison, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). (ECF No. 1.) Petitioner alleged that the decedent suffered Guillain-Barré Syndrome ("GBS") caused-in-fact by a pneumococcal conjugate (Prevnar 13) vaccination administered on August 10, 2017. (*Id.*) Additionally, petitioner also alleged that the decedent suffered depression leading to suicide as a consequence of his GBS. (*Id.* at 6.)

On August 19, 2025, a ruling on entitlement was issued, finding petitioner entitled to compensation for the decedent's GBS and death. (ECF No. 78.) On December 1, 2025, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $500,000.00, including $250,000.00 in compensation for past pain and suffering and $250,000.00 in compensation for the statutory benefit for a vaccine-related death. (ECF No. 84.) In the Proffer, respondent represented that

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

petitioner agrees with the proffered award.  (*Id.*)  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $500,000.00, representing $250,000.00 in compensation for past pain and suffering and $250,000.00 in compensation for the statutory benefit for a vaccine-related death, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| RONALD DAVISON, Executor of the Estate of GARY DAVISON, <br><br>                 Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                 Respondent. | No. 19-1404V <br> Special Master Horner <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 31, 2024, Ronald Davison, as Executor of the Estate of Gary Davison

("petitioner"),[1] filed his Motion for Ruling on the Record and Memorandum in Support

("Motion"), arguing that he has established entitlement to compensation for Gary Davison's

Guillain-Barré syndrome ("GBS") caused-in-fact by the administration of a Prevnar 13 vaccine

on August 10, 2017. *See* ECF No. 73; *see also* ECF No. 1, 6. Respondent filed his Response to

Petitioner's Motion on August 14, 2024, and petitioner replied on September 12, 2024. ECF

Nos. 75-76. On August 19, 2025, the Court issued a Ruling on Entitlement, finding that

petitioner is entitled to compensation.[2] ECF No. 78.

---

[1] Petitioner filed documentation on November 18, 2025, establishing that on December 29, 2017, he was appointed Executor of Gary Davison's Estate under the laws of the State of Illinois. *See* Exhibit 105. All references to petitioner herein refer solely to Ronald Davison in his representative capacity as the Executor of the Estate of Gary Davison.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's August 19, 2025, entitlement decision.

## I.    **Compensation**

Respondent proffers that petitioner should be awarded the following payments:

A. $250,000.00, which represents compensation for the statutory benefit for a vaccine-related death, and

B. $250,000.00, which represents compensation for past pain and suffering.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(2) and (a)(4).[3]  Petitioner agrees.

## II.    **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following:[4]  **$500,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.[5]  Petitioner agrees.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[3]  This Proffer does not include attorneys' fees and costs, which the parties intend to address after a Damages Decision is issued.

[4] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

[5]  If for some reason petitioner is not authorized by a court of competent jurisdiction to serve as Executor of the Estate of Gary Davison at the time a payment pursuant to this Proffer is to be made, then any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as Executor of the Estate of Gary Davison upon submission of written documentation of such appointment to the Secretary.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/ Jamica M. Littles*
JAMICA M. LITTLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Email: jamica.m.littles@usdoj.gov

Dated: December 1, 2025